IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN A.U., <br><br> Petitioner, <br><br> vs. <br><br> WARDEN, CALIFORNIA CITY CORRECTIONAL FACILITY, *et al.*, <br><br> Respondents. | Civil No. 1:26-cv-02988-MWJS <br> ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART <br><br> A# 221-492-176 |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART**

Petitioner Franklin A.U.[1] is an immigration detainee proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (the "petition"), Dkt. No. 1.  After the court granted, Dkt. No. 7, Petitioner's motion for appointment of counsel, Dkt. No. 3, he filed a supplemental brief in support of his habeas petition, Dkt. No. 11.

Petitioner entered the United States without inspection in about May 2021, and has resided continuously in New Jersey since then.  Dkt. No. 11, at pg. 3.  On January 1, 2026, he was arrested on a domestic violence charge, but that charge has not resulted in a conviction.  *Id.*  Following that charge, he was taken into immigration custody on that

---

[1]    For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

same date, where he has remained since.  Since being detained, he has not been given a bond hearing before an Immigration Judge.  *Id*. at pgs. 3-4.

Petitioner now invokes this court's habeas jurisdiction, contending, among other things, that his detention without a bond hearing violates his due process rights.  *Id*. at pg. 4, 5-6.  Petitioner seeks either his immediate release or a bond hearing.  *Id*. at pgs. 8-9.

Respondents initially argued only that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2), and that he is not, therefore, entitled to a bond hearing.  Dkt. No. 8.  Following the appointment of counsel and Petitioner's supplementation of his habeas petition—and recognizing that issues raised in Ground One of the amended petition appeared to mirror those previously addressed by this court in prior cases concerning entitlement to a bond hearing under similar circumstances—the court issued an Order to Show Cause asking Respondents whether "there are any factual or legal issues in this case that render it distinguishable" from those prior cases.  Dkt. No. 12 (*citing Zenon A.C.F. v. Warden, California City Detention Center*, No. 1:26-CV-02961-MWJS, 2026 WL 1257064 (E.D. Cal. May 7, 2026); *Jayner E.V.S. v. Warden, California City Detention Center*, No. 1:26-CV-03554-MWJS, 2026 WL 1330817 (E.D. Cal. May 12, 2026)).  The court appreciates Respondents' timely and candid response, indicating "that this case is in the same procedural posture as the cases cited."  Dkt. No. 13, at pg. 1.  Having again reviewed those decisions and the relevant statutory framework, the

2

court concludes that the cited cases reached the correct result under the current state of Supreme Court and circuit precedent.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED in part, to the extent Petitioner contends in his petition that he is entitled by statute to a bond hearing.  Respondents are ENJOINED AND RESTRAINED from continuing to detain Petitioner unless they demonstrate, within seven days of the date of this Order, that Petitioner has received a bond hearing before a neutral decisionmaker in accordance with 8 U.S.C. § 1226(a) and its implementing regulations.  Respondents shall file a status report within ten days of the date of this Order, confirming whether a bond hearing has been held and, if so, the outcome of that hearing.

The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED:  May 20, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-02988-MWJS; *Franklin A.U. v. Warden of the California City Detention Facility et al.*; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART